780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOEL S. DeMOSS, Plaintiff-Appellant,
v.
MATLACK, INC., a Delaware corporation, and LOCAL UNION NO.
89, GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS,
Defendants-Appellees.
 85-5011
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 W.D.Ky.
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: ENGEL and MILBURN, Circuit Judges; and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Joel DeMoss appeals from the judgment entered in the United States District Court for the Western District of Kentucky dismissing his claims against Matlack, Inc. (Matlack) and General Drivers, Warehousemen and Helpers, Local Union Number 89 (Local 89) alleging violations of section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. Mr. DeMoss alleges in his complaint that Matlack discharged him from employment in violation of the collective bargaining agreement between it and Local 89. He alleges that Local 89 breached its duty of fair representation in the course of its handling of his grievance against Matlack.
 
 
 2
 Mr. DeMoss, who was employed as a truck driver by Matlack for thirteen years and was a member of Local 89, was discharged by Matlack on January 12, 1983. The discharge arose from Mr. DeMoss' refusal to comply with a request by Matlack's terminal manager to transport a load of freight. Standard operating procedures for Matlack drivers permits the drivers to choose in order of seniority the runs they want to haul the following day. On January 11, DeMoss selected his three runs for January 12. After completing two of his three runs on January 12, DeMoss returned to Matlack's terminal at about 10:15 a.m. Jim Wineka, the terminal manager, directed Mr. DeMoss to take an unassigned run instead of the one he selected the previous day. The company and Local 89 contend that the change was made because DeMoss' third assigned load was to be delayed for three hours. DeMoss contends that '. . . the terminal manager attempted to circumvent the seniority of Mr. DeMoss by having Mr. DeMoss make a run which had been chosen by seniority by another driver.' Appellant's brief at p. 3.
 
 
 3
 Both defendants characterize DeMoss' conduct as a 'refusal to accept work.' The collective bargaining agreement contains provisions which set forth certain misconduct and their corresponding discipline. The agreement does not mention refusal to accept work. However, Matlack contends that the discharge was appropriate and not in violation of the collective bargaining agreement because of a 'long-standing practice in the industry that a refusal to work means automatic discharge.' Appellee Matlack's brief at p. 2. DeMoss argues that his conduct amounts to 'disobeying orders' for which, under the express terms of the collective bargaining agreement, the discipline is a warning for the first offense. See Kentucky Rider to Central Conference of Teamsters Tank Truck Agreement, Sec. 3(f) (Nov. 5, 1979) (excerpt cited in Appellant's brief at p. 15).
 
 
 4
 Following his discharge, DeMoss initiated the two-step grievance procedure contained in the collective bargaining agreement. The second and binding step is the submission of the dispute to the Joint State Committee whose majority vote shall settle the grievance. See Central States Area Land Truck Agreement, Art. 8 (excerpt cited in Appellant's brief, exhibit A). The Committee denied the grievance concluding, 'Based on the fact that the employee did refuse a work assignment, the claim of the Union is denied.' Joint App. at p. 43.
 
 
 5
 Both Matlack and Local 89 moved for summary judgment in the district court. The district court examined the affidavits of Mr. Wineka and Robert Meyers, Local 89's business manager. The district court also had before it the transcript of Mr. DeMoss' deposition. Based on these materials, Judge Ballantine found that the trucking industry did maintain the practice of discharging employees for refusing work assignments. He also found that DeMoss was aware of the practice of complying with a disputed work assignment, then filing a grievance. Judge Ballantine concluded that DeMoss violated this practice and that his discharge by Matlack did not violate the collective bargaining agreement.
 
 
 6
 Judge Ballantine also rejected his claim that Local 89 breached its duty of fair representation. DeMoss' claim is premised on the Union's failure to make a certain argument during the grievance proceedings. With respect to DeMoss' contention that the union made the wrong argument, Judge Ballantine ruled that this claim, if true, would amount to no more than negligence. Since a claim by an employee alleging negligence by his union in the course of pursuing a grievance cannot support a breach of duty of fair representation, see Ruzicka v. General Motors Corp., F.2d 1207 (6th Cir. 1981), this claim was also dismissed.
 
 
 7
 Upon consideration of the record as a whole, we are of the opinion that the district court did not err in granting summary judgment in favor of the union and the company. In determining that no material question of fact was in dispute concerning the industry practice of treating deliberate refusals of work assignments as dischargeable offenses, District Judge Ballantine was properly applying the principles of United Steel Workers of Am. v. Warrior & Gulf N. Co., 363 U.S. 574 (1960). Likewise, DeMoss' reliance upon the decision of our circuit in Milstead v. Teamsters, 580 F.2d 232 (6th Cir. 1978), is misplaced. There is no evidence that the union here was unaware of the provisions of its collective bargaining agreement. Instead, its strategy was to proceed with its own arguments rather than those urged by plaintiff. This conduct cannot be held to amount to a bad faith effort to represent DeMoss or to a perfunctory performance of its duty within the meaning of Vaca v. Sipes, 386 U.S. 171 (1967). It was not necessary for the court to determine whether the union strategy was more likely to succeed than the strategy proposed by Mr. DeMoss. It is enough that the action taken was well within the range of discretion accorded to the union in its good faith performance of its duties.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, United States District Court for the Eastern District of Michigan, sitting by designation